## HAROLD W. AND KATHRYN L. ADAMS *v.* DEPARTMENT OF REVENUE

Harold W. Adams appeared *in propria persona.*

Defendant appeared by and through Ira W. Jones, Assistant Attorney General, Salem, Oregon.

Decision for defendant rendered January 14, 1970.

EDWARD H. HOWELL, Judge.

The plaintiffs appeal from an income tax deficiency assessed by the defendant for the years 1964, 1965 and 1966.

During the years involved plaintiff Harold W. Adams was employed by the State of Oregon and contributing to the Public Employes' Retirement System. The sole question presented is whether the amount withheld from plaintiff's salary for his contribution to the Public Employes' Retirement System should be excluded from his gross income for 1964 through 1966 and not subject to Oregon personal income tax.

The plaintiff contends that the amounts withheld from his salary and paid into the retirement fund were not "income" which he had actually or constructively received and therefore were not subject to state income taxation.

ORS 237.011 of the Public Employes' Retirement Act of 1953 provides that every employee of a participating employer *shall* become a member of the system after six months employment. ORS 237.071 provides that every employee who is a member of the system *shall* contribute certain enumerated percentages of his salary which shall be withheld and contributed to the fund. An individual account showing the amount of the member's contribution to the fund and the interest earned is required by ORS 237.275.

Regarding the items that constitute a taxpayer's gross income ORS 316.105(1) defines gross income

as including: "Gains, profits and income derived from salaries, wages or compensation for personal services of whatever kind and in whatever form paid" and also includes "salaries and compensation of all employes of this state."

■ The Oregon definition of gross income, ORS 316.105, is very similar to the federal definition, Int Rev Code of 1954, § 61, and Int Rev Code of 1939, § 22 (a).

The case of *Miller et al v. Commissioner of Internal Revenue,* 144 F2d 287 (4th Cir 1944), 32 AFTR 1193, 44-1 USTC ¶ 9175, is applicable to the plaintiffs' case. In *Miller* the plaintiff argued that the amounts withheld by the federal government from his salary under the Civil Service Retirement Act were not properly includable in his salary and subject to federal income taxation. The Civil Service Retirement Act was very similar to the Oregon Public Employes' Retirement Act and provided that a certain percentage of the employee's salary *shall* be deducted and paid into a fund which was returnable to the employee at a specified age or upon disability. The federal Act also provided that every employee under the Act "shall be deemed to consent and agree to the deductions from salary paid or compensation as provided herein. * * *"

The court found that *Miller* had a vested right in the fund because he had the right to an annuity upon retirement and to receive a return of the amount withheld with interest upon separation or death.

The court found that the amount withheld from Miller's salary was subject to federal income tax and stated:

"When he was employed as a civil service em-

ployee he accepted such employment subject to all the conditions and provisions of law relating to civil service employees, one of which is that he shall be deemed to consent and agree that 3½ per centum of his salary shall be deducted and be used to purchase the retirement benefits granted by the Act. That consent is as much a part of the conditions of his employment as any other provision of law relating thereto. The effect of his agreement is the same as if he had received his entire salary in cash, and then sent 3½ per centum thereof to the Civil Service Commission for the purchase of the annuity provided by law." 144 F2d at 289, 32 AFTR at 1195, 44-1 USTC at 133.

The Commissioner of Internal Revenue has applied the rule in the *Miller* case to employees of states or municipalities. Rev Rul 57-326, 1957-2 Cum Bull 42. See also *Bruns v. Commissioner of Internal Revenue,* 24 CCH Tax Ct Memo 403 (1965).

■ Like *Miller* the plaintiff here has a vested right in the state Public Employes' Retirement Fund. He has the right to retirement benefits and the right to receive a return of the amounts withheld upon termination of his employment or death.

The plaintiff seeks to distinguish the *Miller* case on the ground that the federal statute involved in that case provided that every employee under the act shall be deemed to consent and agree to the deduction from his salary. While the Oregon statute does not contain the same exact language as the federal statute, ORS 237.011 does require that every employee of a participating employer *shall* become a member and ORS 237.071 provides that each employee who is a member of the system *shall* contribute to the fund and certain percentages shall be withheld from his salary. Both the federal and the state Acts require a mandatory

membership in the retirement system and it is equally mandatory that a percentage of the employee's salary be withheld and contributed to the fund.

■ Plaintiff argues that members of the Public Employes' Retirement System do not have vested rights in the fund. In this connection he cites *State ex rel Sprague v. Straub,* 240 Or 272, 400 P2d 229, 401 P2d 29 (1965), which dealt with crediting of interest earned on money in various state funds. The Supreme Court held that unless the Oregon Constitution required that the interest be credited to the particular fund which gave rise to the interest, the interest should be credited to the General Fund. Thus, interest earned on contributions to the Public Employes' Retirement System is credited to the General Fund. However, ORS 237.275 requires maintenance of a separate account for each member of the Public Employes' Retirement System and that the account show the amount of the member's contributions plus "the interest which they have earned." ORS 237.111 which allows withdrawal on termination of membership prior to earliest retirement age, provides that the member may withdraw his "account." The annuity allowed by ORS 237.147 shall be based on the "accumulated contributions and interest thereon." The option to receive lump sum payment as mentioned in ORS 237.151 calls for an amount which consists in part of the employee's contributions "plus interest earnings thereon." And ORS 237.165 which provides for payments if the member dies before retiring calls for payment of "the amount of money credited at the time of his death to his account." Therefore it cannot be said that the employee did not have a vested right in the interest earned on his contributions.

The plaintiff cites a law department abstract of the defendant wherein the defendant found that amounts withheld from Circuit and Supreme Court Judges' salaries were not includable in the judges' gross income.[①] The parties have stipulated that the abstract dealt with the statutes relating to judges' retirement as they existed in 1955.

■ The two situations are not comparable. The effect of the statutes relating to the Public Employes' Retirement System results in a vested interest in the employees in the fund. ORS 237.111 provides that if the public employee's membership is terminated prior to the earliest retirement age for a reason other than death or disability the employee may withdraw the amount in his account. ORS 237.147 provides for an allowance payable to the employee during his life following his retirement "and at his death a lump sum

---

[①] "316.105(1). GROSS INCOME. *Judges' Retirement Fund Excluded.* ORS 1.360 provides for the retention by the Secretary of State of 5 percent of the stated monthly salary payable to each judge of the Supreme Court and of the circuit court for the purpose of providing moneys for the Judges' Retirement Fund. The statute is unusual in that, although 'deductions' from salary of 5 percent for payment into the fund are mandatory, if a judge is defeated when standing for re-election or if for other possible reasons he does not reach retirement age holding such office, all benefits under the fund are lost and there is no right to recoup any of the amounts which have been taken from the salary. Reading the statute as a whole, the sum involved is not so much a 'deduction' from the salary as a diminution thereof to which the judge consents when assuming office. Since no part of this fund vests in the judge, and the rights of the taxpayer to possible future benefits from the pension fund are too contingent to justify inclusion of the withheld amounts in income of the current year, such sums are deemed never to have been a part of the gross income of the judges involved. (If and when a judge becomes eligible for a pension under the retirement fund, sums paid to him are excluded from gross income by ORS 316.110 (13), which excludes from gross income pensions and annuities paid under a public retirement system.)" OF 1639; Order I-59-11; 7-28-59.

equal in amount to the difference between his accumulated contributions at the time of his retirement and the sum of the annuity payment actually made to him during his life" to a beneficiary designated by the member. ORS 237.155 allows the employee to elect optional forms of service retirement allowance different than those provided in ORS 237.147. ORS 237.165 allows a member to designate a beneficiary to receive the amount in his account and if no designation is made, a statutory preference to next of kin is provided.

As mentioned in the defendant's abstract, the rights of the judges to the retirement were highly contingent. While ORS 1.360 required a mandatory contribution by the judges to the retirement fund, it also provided that the judges' right to the fund would not survive their death and no interest would pass to their estates. The pension provided for the judge's widow ceased upon her death or remarriage. Also at that time ORS 1.320 required a judge to serve 18 years and reach the age of 60 in order to be eligible for retirement. If a judge were defeated for re-election at age 59 he could not qualify for retirement even though he had more than 18 years of service. His estate had no right to the funds and, unlike those under the Public Employes' Retirement Act, he could not designate a beneficiary to receive benefits after his death.

The two systems contain important differences and the defendant's abstract is not authority for plaintiffs' position.

■ As the plaintiff had a vested right in the Public Employes' Retirement Fund the amounts withheld were properly includable in his income and were sub-

ject to Oregon personal income tax for 1964, 1965 and 1966.

The order of the department is affirmed.